**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:10cr292 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **THOMAS BROWN,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Defendant Thomas Brown challenges the calculation of his Sentencing Guideline offense level for Interference with Commerce by Robbery, Aid, & Abet. (Doc. 47, Mot. to Correct Sentencing Error). Because defendant was correctly adjudged to qualify as a career offender under the Sentencing Guidelines, defendant's 151-month sentence was correctly calculated, and his motion will be denied.

**Background**

The underlying criminal charges in this case arise from the 2007 armed robbery of Murphy's Jewelry Store in Pottsville, Pennsylvania. (Doc. 1, Indictment). On October 6, 2010, a Middle District of Pennsylvania grand jury issued a four-count indictment against Defendant Thomas Brown. (Id.) The grand jury charged the defendant with conspiring to rob the jewelry store, and then robbing the store while brandishing a handgun. (Id.)

Defendant Brown entered into a plea agreement with the United States on April 13, 2011, in which he agreed to plead guilty to the crime of Obstructing Commerce by Robbery, Aid & Abet in violation of 18 U.S.C. § 1951.  (Doc. 29).  On April 26, 2011, the defendant entered a plea of guilty to that charge, in accordance with the plea agreement.  (Doc. 34).

Following his guilty plea, the United States Office of Probation and Parole conducted a pre-sentence investigation and issued a pre-sentence report.  Using the 2010 edition of the United States Sentencing Guidelines Manual, the Probation Office calculated defendant's offense level at 29, including a three-level reduction for acceptance of responsibility.  (Presentence Investigation Report (hereinafter "PSR") ¶ 15).  Defendant Brown raised no objection to the PSR.  (Doc. 40, Def.'s Br.).  On August 22, 2011, this court entered judgment against the defendant, convicting him of Interference with Commerce by Robbery, Aid & Abet, and sentencing him to a term of imprisonment of 151 month.  (Doc. 43, Judgment).  Defendant Brown did not appeal.

On March 4, 2016, defendant filed a motion to correct his sentence, arguing that the total offense level failed to account for the three-level reduction for acceptance of responsibility.  (Doc. 47).  The parties have

briefed the issue, and the matter is ripe for our disposition.

**Jurisdiction**

We construe defendant's pro se motion as a motion for writ of habeas corpus under 28 U.S.C. § 2255.[1]  As such, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Legal Standard**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final,[2] move the

---

[1] A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

[2] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for section 2255 motions.  28 U.S.C. § 2255(f).  That period generally runs from "the date on which the judgment of conviction becomes final."  Id.  A petitioner's judgment becomes "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for file a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527 (2003).

sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . . " 28 U.S.C. § 2255(b).

    Section 2255, however, does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or otherwise open to collateral attack, the court must either vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b).

Conversely, a court may dismiss a section 2255 motion where the record shows conclusively that the movant is not entitled to relief. United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

**Discussion**

Defendant Brown argues that the court erred in basing his 151-month sentence on a total offense level of twenty-nine, and should have instead based it on a level of twenty-six. Defendant argues that the level twenty-nine calculation fails to account for a three-level reduction for acceptance of responsibility. Defendant's motion is time barred, and will thus be denied, but would fail even if we were to rule on the merits.

Section 2255(f) states, in pertinent part, "A 1-year period of limitation shall apply to a motion under this section." The one-year period "shall run from . . . (1) the date on which the judgment of conviction becomes final."[3]

---

[3] Section 2255 provides that the one-year period shall run from the latest of four enumerated events. The first of these is the only applicable option in this case. The section, in its entirety, states:
[18 U.S.C. 2255](f) - A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by

(Id.) Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within fourteen (14) days after the entry of the judgment.

In the instant matter, Defendant Brown's judgment was entered on August 22, 2011.  (Doc. 43).  Defendant Brown neither filed a direct appeal nor requested an extension of time to file an appeal within the fourteen (14) day period.  Accordingly, defendant's conviction became final on September 5, 2011, fourteen (14) days after the entry of judgment on his guilty plea, and he had until September 5, 2012, to file a timely section 2255 motion.  Defendant, however, filed this section 2255 motion on March 4, 2016–three and one half years after section 2255's statute of limitations expired.  Thus, Defendant Brown's motion is untimely.

Even if defendant had filed his motion within the period allowed, it would fail on the merits.  Defendant Brown is simply mistaken as to the basis for the final total offense level of twenty-nine.

---

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
18 U.S.C. § 2255(f).

6

The PSR correctly computes defendant's offense level.  First, the base offense level for an offense under 18 U.S.C. § 1951 equals twenty. (PSR ¶17).  Second, defendant's possession or brandishing of a firearm during commission of the robbery added an enhancement of five levels. (Id. ¶ 18).  Third, because an individual was physically restrained with duct tape to facilitate the commission of the robbery, the Guidelines called for a two-level enhancement.  (Id. ¶ 19).  Fourth, an additional two-level enhancement for a loss of $26,802.30 brought the Adjusted Offense Level (Subtotal) to twenty-nine.  (Id. ¶¶ 20, 23).  Fifth, a three level reduction is subtracted from that subtotal to reflect defendant's acceptance of responsibility, to bring the total offense level to twenty-six.  (Id. ¶¶ 24-25).

Thus, the PSR performed the following calculations:

| | |
|---|---|
| Base Offense Level under 18 U.S.C. § 1951 | 20 |
| Enhancement for possession or brandishing of firearm | +5 |
| Enhancement for physically restraining a victim | +2 |
| Enhancement for amount of loss | +2 |
| <u>Adjustment for acceptance of responsibility</u> | <u>-3</u> |
| Total Offense Level | 26 |

This, however, does not end the analysis.  The PSR then adjusted the offense level based on "Chapter Four Enhancements," because, under the guidelines, defendant qualified as a career offender.  (Id. ¶¶ 26). Based upon Defendant Brown's age, his instant felony conviction for a

7

crime of violence, and the fact that he had at least two prior qualifying convictions, the United States Sentencing Guidelines defined him as a career offender. U.S.S.G. § 4B1.1. The guidelines provided that, because the statutory maximum period of confinement for Interference with Commerce by Robbery, Aid and Abet was twenty years, defendant's offense level as a career offender was thirty-two. U.S.S.G § 4B1.1(b)(C).[4]

---

[4] In relevant part, U.S.S.G. §4B1.1. Career Offender, states:
(a)     A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
(b)     Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

| Offense Statutory Maximum | | Offense Level* |
|---|---|---|
| (1) | Life | 37 |
| (2) | 25 years or more | 34 |
| (3) | 20 years or more, but less than 25 years | 32 |
| (4) | 15 years or more, but less than 20 years | 29 |
| (5) | 10 years or more, but less than 15 years | 24 |
| (6) | 5 years or more, but less than 10 years | 17 |
| (7) | More than 1 year, but less than 5 years | 12 |

*If an adjustment from §3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

Then, the final offense level of twenty-nine was calculated by subtracting the three-level reduction for acceptance of responsibility from the level provided by the guideline, which was thirty-two. (Id.; PSR ¶ 26). Thus, the total offense level of twenty-nine, relied upon by the court in imposing defendant's sentence, accurately reflects the guidelines and defendant's reduction for acceptance of responsibility.

Accordingly, we will deny defendant's motion.

**Conclusion**

For the reasons set forth above, defendant's motion will be denied. An appropriate order follows.


**DATE: April 18, 2016**                **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**